IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,      :
          Appellant            :
                            :
      v.                     :     DOCKET NO. 22-14219-B
                            :
EDMUNDO COTA, et al.,          :
          Appellee.            :

**APPELLEE COTA'S REPLY
IN SUPPORT OF MOTION TO DISMISS APPEAL**

Now comes the defendant, Edmundo Cota, by and through undersigned counsel, who files this reply brief to the government's Consolidated Response of Appellee Holland and Appellee Cota's Motion to Dismiss Appeal.

The heart of Mr. Cota's motion to dismiss is that the district court order denying the government's motion to admit hearsay testimony through F.R.Ev. Rule 801(d)(2)(E) is not a final order subject to an interlocutory appeal under 28 U.S.C. §3731.

The government is blind to the reality that the jurisdictional defect in this appeal is a consequence of the case's unusual procedural history. The typical appeal under 28 U.S.C. §3731 challenges an order granting a criminal defendant's motion to exclude evidence. Here, by contrast, the district court order denied the government's motion to admit evidence on only one ground, when the government

contends that the same evidence is admissible on other grounds and it will seek admission on other those other grounds, if it does not prevail on this appeal. (Or, as it is undisputed, it could just call the cooperating witnesses to testify in person at trial.) This unusual posture results from the government opposition to the defendant's request for a *James* hearing. Having succeeded in defeating that request, which could have led to an order appealable under §3731, the government cannot recast the procedural history or the law to support its improper appeal. Yet that is what the government attempts to do in its attempt to conjure appellate jurisdiction out of what amounts to thin air: an order that excludes exactly nothing. This appeal should be dismissed.

## A. The Decision Below Does Not Suppress or Exclude Evidence

The government states that this appeal is of "a pretrial order excluding evidence in a criminal case." Dkt 40 at 1. That statement is not accurate. The order in question is limited to hearsay statements: "The Government's motion to admit statements under Rule 801(d)(2)(E) fails and is thus DENIED." D.E. 596 at 38-39) The government stated below that it could seek to introduce the statements "under legal bases independent of Rule 801(d)(2)(E)." DE 472, Ex 1. Strikingly, the government's opposition to this motion acknowledges that if the present appeal is unsuccessful, the government may "seek the admission of some co-conspirator statements on alternative grounds." Dkt 40 at 5. None of those alternative bases have

been submitted to or reviewed by the district court and are not the subject of this interlocutory appeal.

## B. Section 3731 Jurisdiction Is Limited To Orders With the Practical Effect of Suppressing Evidence

The government conspicuously does not attempt to explain how the "practical effect" of the district court order is to suppress or exclude  evidence. As the defendants' motions to dismiss noted, §3731 permits interlocutory appeals not only from orders formally "suppressing or excluding evidence" but also from orders that have the "practical effect" of suppressing or excluding evidence.  *United States v. Drogoul*, 1 F.3d 1546, 1551 n.13(11th Cir. 1993).  The defendants' in their motion have explained why the district court order does not satisfy either standard.  The government 's response is an unsupported statement that the order does.

The government contends that four cases have "rejected" defendant's argument that an order denying only one of several asserted ground for admission does not have the practical effect of excluding evidence.  Its authorities, however, provide no support for that proposition.  Indeed, the government identifies no authority approving §3731 jurisdiction over a district court order rejecting only one of several asserted grounds for admission.

In *United States v. Posner*, 764 F.2d 1535 (11th Cir. 1985), the government's interlocutory appeal from an adverse evidentiary ruling by the district court was

upheld primarily because all grounds for admitting the questioned document had been litigated. Following a pre-trial *James* hearing, the court held that a letter was admissible against one defendant not the other and severed their trials.  Before the retrial of the severed defendant, the government once again unsuccessfully moved for the admission of the letter. "The letter was inadmissible hearsay unless admissible under one of two exceptions in the Federal Rules of Evidence, both urged by the government."  The district court ruled the letter was neither a qualifying Rule 801(d)(2)(E) statement of a coconspirator nor a Rule 804(b)(3) statement against interest.  Id at 1537. An appeal pursuant to 18 U.S.C. §3731 followed.  This court retained appellate jurisdiction finding that the government had presented all of its grounds for admission which had been considered by the lower court.  Here, the government has expressly stated it contemplates alternative means of offering the questioned statements, none of which have been presented to the district court.

*United States v. Barletta*, 664 F.2d 50 (1st Cir. 1981), involved a district court's refusal to rule on government's motion to admit evidence prior to a retrial after it had granted the defendant's motion to exclude that evidence at the initial trial. In the course of addressing a district court's obligation to decide such a motion prior to trial, the court rejected the view that appealability under §3731 "depend[s] on which party makes an evidentiary motion" or is limited "exclusively to matters involving the exclusionary rule." Id at 55.  In so holding, the court expressly assumed

that any and all grounds for admission would be aired and decided by the district court, such that its order "has the effect of denying admissibility." Id at 56. Its holding and reasoning do not support jurisdiction over an order that lacks that effect because the government declined to put all its cards on the table.

*United States v. DeCologero*, 364 F.3d 12 (1st Cir. 2004), likewise provides the government no comfort. That decision held that a case-management order dividing certain alleged RICO predicate acts into separate trials to be an order excluding evidence from the first trial, and thereby subject to an appeal under §3731, because it practically "mean[t] that the government would be deprived of factual episodes that it would otherwise offer to establish the pattern" of racketeering in the first trial. Id. at 22. By contrast, the order now before the court merely rejects one asserted ground for admission, without excluding anything from the trial.

The government's remaining authorities are even further afield. Both cases involve appeals from orders formally excluding evidence. *United States v. Johnson*, 764 F.3d 937 (8th Cir. 2014) upheld jurisdiction over an order excluding from the sentencing phase in a death penalty case "any evidence of substantial planning and premeditation relating to [other murders]" as a "statutory aggravating factor." Id at 941. This order excluding evidence was appealable under §3731 notwithstanding that the government might be able to introduce similar evidence for other purposes. Id at 941-42. The holding of *United States v. Delatorre*, 157 F.3d 1205, 1308-09 (10th

Cir. 1998) is essentially identical: The court held that an order "excluding evidence of [the defendant's] participation in [one] murder for the purpose of proving his guilt on the racketeering and conspiracy charges" was appealable under §3731 notwithstanding that the government might offer that evidence for some other purpose, such as "to prove future dangerousness at any penalty phase of the trial." Id at 1208. Those cases have no bearing on whether §3731 confers jurisdiction over orders that exclude no evidence from any stage or for any purpose.

The government cites additional cases standing for the proposition that the mere possibility a district court might reconsider an order excluding or suppressing evidence does not mean that such an order cannot be appealed under §3731. See, e.g. *United States v. Curry*, 188 F.App'x 863 n.3 (11th Cir. 2006)("Although the court advised the parties that it was amenable to reconsidering its grant of *Curry*'s motions in limine, the practical effect of the court's ruling was to exclude the evidence at issue.")

The jurisdictional defect here is not that district court might reconsider its ruling on admissibility under Rule 801(d)(2)(E), but that it did not exclude anything to begin with.

## C. The Government's Proposed Extension of §3731 Would Lead To Piecemeal Appeals and Impair Speedy Trial Rights

Lacking support in precedent or the text of §3731, the government seeks

6

leniency under that principle that the section should be construed liberally to effectuate its purpose. Dkt 40 at 4. Circuit precedent, however, has already cashed out that principle by permitting interlocutory appeal of orders that have the "practical effect of excluding evidence." *Drogul*, supra at 1551, which the order here indisputably does not See also, *United States v. Watson*, 386 F.3d 304, 310 (1st Cir. 2004)([W]e have read Congress's admonition to construe §3731 liberally as a cue to put substance ahead of form in deciding whether pretrial orders suppress or exclude evidence.") No liberal construction can overcome the statutory prerequisite for appeal of an order, whether expressly or in effect, is one "suppressing or excluding evidence." [A]n interlocutory appeal will lie only when the order itself is the practical equivalent of a suppression or exclusion order; that is, when the order has the direct effect of denying the government the right to use evidence." *Watson*, 386 F.3d at 311. There is no basis in the text of §3731 or in precedent to extend appellate review beyond those orders that have the "practical effect" of suppressing or excluding evidence.[1]

---

[1]Citing *United States v. Wilson*, 420 U.S. 332, 337 (1975), the government also suggests that §3731 allows "appeals whenever the Constitution would permit." Courts already have rejected this "shopworn argument" as "disingenuous" explaining that the "Wilson Court was referring to the first paragraph of §3731, which involves appeals from orders dismissing indictments," and not the second paragraph, on which the relies here. *Watson*, 386 F.3d at 308; see also, *United States v. Kane*, 646 F.2d 4, 6-7 (1st Cir. 1981).

The government's offered construction of the statue "would open a Pandora's jar, giving the government free rein to appeal from interlocutory orders of virtually every kind and description" - an "unprecedented departure" from established practice. *Watson*, 386 F.3d at 304. The offered result would contravene the "general policy against piecemeal appeals." which "takes on added weight in criminal cases where the defendant is entitled to a speedy resolution of the charges against him." *Will v. United States*, 389 U.S. 90, 96 (1967); see also, *United States v. Kane*, 646 F.2d 4, 7 (rejecting broad interpretation of §3731 on grounds that "defendants' right to a speedy trial could be subverted, and the courts of appeal would be deluged"). See, generally, U.S. Const. amend VI; 18 U.S.C. §3161.

This case presents a prefect illustration of the problem with the government's statutory position. If the district court decision is affirmed in this appeal, by all indications the government will proceed to seek admission of the same evidence on alternative grounds and could then appeal any denial of that second round. The result would add additional years to a criminal proceeding that has been pending since 2017. A decision approving jurisdiction over this appeal will permit the government to throw a wrench in the speedy determination of justice in practically any case where it chooses to do so. Precisely to avoid that result, "Section 3731 was carefully circumscribed by Congress . . . to safeguard individuals from the special hazards inherent prolonged litigation with the sovereign." *Watson*, 386 F.3d at 310. That

protective limitation should not be abandoned to facilitate the government's litigation gamesmanship.

A decision rejecting jurisdiction, however, would have no adverse consequences. Applying §3731 according to its terms and to precedent will merely remind the government that it must "thoroughly ventilate[ ]" all its asserted grounds in the first instance before seeking an appeal of an adverse district court ruling. *United States v. Musaibli*, 42 F.4th 603, 612 (6th Cir. 2022).

**Conclusion**

For the reasons set forth in the initial motion and in this reply, the government's appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

/s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750

/s/ *Emily B. Strongwater*
Emily B. Strongwater
Georgia Bar No. 572648

1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Cota

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(A)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect word processing software in 14-point Times New Roman.

This motion complies with the 5,200 word type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, according to the word processing software, it contains 2,361 words.

Respectfully submitted,

/s/ Jay L. Strongwater
Jay L. Strongwater
Georgia Bar No. 688750

/s/ Emily B. Strongwater
Emily B. Strongwater
Georgia Bar No. 572648

1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Cota

10

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,          :
        Appellant          :
                  :
    v.          :          DOCKET NO. 22-14219-B
                  :
EDMUNDO COTA, et al.,          :
        Appellee.          :

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1(a)(3), appellee Edmundo Cota submits that the

United States Certificate of Interested Parties and Disclosure Statement is correct and

complete.

Respectfully submitted,

/s/ *Jay L. Strongwater*

Jay L. Strongwater
Georgia Bar No. 688750

/s/ *Emily B. Strongwater*

Emily B. Strongwater
Georgia Bar No. 572648

1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Cota

11

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing Certificate of Interested Persons and Corporate Disclosure Statement with the Clerk of the Court using the CM/ECF Filing System, which will send electronic notification to all counsel of record.

This 2nd day of May, 2023.


/s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750


1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Cota

12