# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Brian F. McEvoy
direct dial: 404.256.6696
bmcevoy@bakerlaw.com

November 10, 2023

Hon. David J. Smith, Clerk
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: *United States of America v. John Holland, et al.*
11th Cir. No. 22-14219
Oral argument scheduled: Nov. 14, 2023.

Appellee William Moore submits this letter in response to the government's November 10, 2023 letter.

The issue of the government's waiver is unnecessary to reach because the Eleventh Circuit has held that the "essence of a conspiracy" for purposes of Rule 801(d)(2)(E) is "the agreement to engage in concerted unlawful activity." *United States v. Hartley*, 678 F.2d 961, 972 (11th Cir. 1982) (quotation marks omitted), abrogated on other grounds by *United States v. Goldin Indus., Inc.*, 219 F.3d 1268 (11th Cir. 2000); *United States v. Tombrello*, 666 F.2d 485, 490 (11th Cir. 1982) ("The rationale for …the conspirator-hearsay exception … is the notion that conspirators are partners in crime"); *United States v. Perry*, 624 F.2d 29, 31 (5th Cir. 1980); *United States v. Grassi*, 616 F.2d 1295, 1301 (5th Cir. 1980).[1] A broader view would raise Sixth Amendment concerns. *See United States v. Inadi*, 475 U.S. 387, 395 (1986) (justifying the admission of co-conspirator statements based on the unique nature of an "illegal conspiracy"). Regardless, the "conspiracy" the government alleged in its motion below was a conspiracy "to violate the Anti-Kickback Statute." DE.507-6; *see also, e.g., id.* at 2, 3, 23, 26.

---

[1] Footnote 41 of *United States v. Postal*, 589 F.2d 862 (5th Cir. 1979), is not in conflict. The drug-smuggling operation there was patently illegal; the issue was the admissibility of a non-charged co-conspirator's statements. The cited Senate Report clarifies that "a joint venturer is considered as a coconspirator for the purposes of this rule *even though no conspiracy has been charged*." S. Rep. No. 93-1277 (1974) (emphasis added) (citing *United States v. Rinaldi*, 393 F.2d 97, 99 (2d Cir. 1968) ("an illegal joint enterprise … makes statements by any member of the venture admissible … whether or not a conspiracy is charged")).

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Dallas   Denver   Houston
Los Angeles   New York   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington

      To the extent waiver is relevant, counsel identifies the following authorities concerning the invited-error doctrine. *United States v. Bird*, 79 F.4th 1344, 1353 (11th Cir. 2023) ("We have long held that courts are precluded from reviewing errors invited by the challenging party."); *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (similar).

Sincerely,

Brian F. McEvoy

CC: All counsel of record via CM/ECF