*The Weil Firm*

November 20, 2023

Mr. David J. Smith
Clerk of the Court
Eleventh Circuit Court of Appeals
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

    Re:    United States v. John Holland
            Appeal No. 22-14219

Dear Mr. Smith:

    This letter is in response to a question posed by the Court during oral argument in this case. A member of the panel asked undersigned counsel for a case supporting the proposition that the Government needs to prove a criminal conspiracy in order to satisfy the standard for admissibility in Fed. R. Evid. 801(d)(2)(E). Counsel offered during argument to supply caselaw to the Court, and does so now.

    As the Supreme Court instructed in *Bourjaily v. United States*, 483 U.S. 171 (1987):

> Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made "during the course and in furtherance of the conspiracy."

*Id.* at 175. In *United States v. Tombrello*, 666 F.2d 485 (11th Cir. 1982), while citing to the Former Fifth Circuit's opinion in *Postal*, this Court explained that the reasoning behind the co-conspirator exception to the hearsay rule is that "partners in crime" speak for each other:

> The rationale for both the conspirator-hearsay exception and its limitations is the notion that conspirators are **partners in crime** and therefore agents of one another. Just as the declarations of an agent bind the principal only when the agent acts within the scope of his authority, so the declaration of a conspirator must be made in furtherance of the conspiracy charged in order to be admissible against his

511 EAST PACES FERRY ROAD, N.E. · ATLANTA, GEORGIA 30305
WWW.THEWEILFIRM.COM
☏ 404.581.0000

> partner. *Anderson v. United States*, 417 U.S. 211, 218 n. 6, 94 S. Ct. 2253, 2259 n. 6, 41 L.Ed.2d 20 (1974). It is for this reason that co-conspirators' hearsay statements made after the termination of the conspiracy are not admissible, *e.g. United States v. Postal*, 589 F.2d 862 (5th Cir.), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 40 (1979) . . ..

666 F.2d at 490 (emphasis added).

    I would appreciate your distributing copies of this letter to the panel that heard argument in this case.

Sincerely,

*[signature]*

AMY LEVIN WEIL

cc:    John-Alex Romano